UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60659-CIV-ROSENBAUM/HUNT

COMPANY PROPERTY & CASUALTY
INSURANCE COMPANY,

        Plaintiff,

v.

METAL ROOFING SYSTEMS a/k/a METAL
ROOFING SYSTEMS BY BRIAN EMBICK
ROOFING, INC., *et al.*,

        Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint [D.E. 30]. The Court has reviewed Defendants' Motion and all supporting and opposing filings and is otherwise fully advised in the premises. For the reasons explained below, the Court denies Defendants' Motion to Dismiss.

### *I. BACKGROUND*

Plaintiff Companion Property & Casualty Insurance Company filed this action against Defendants Metal Roofing Systems, Brian Embick, Galen Francis, and John M. Cramer seeking declaratory relief with respect to its rights and obligations under an insurance policy in connection with an underlying state-court lawsuit involving Metal Roofing, Embick, Francis, and Cramer. *See* D.E. 22-1. Francis and Cramer brought the state-court lawsuit as guardians for Lane Francis, a temporary worker for Metal Roofing who allegedly suffered a severe brain injury after falling from

the roof of a house that he was working on. *Id*. at ¶ 18. The state-court complaint alleges that Lane Francis's injuries were caused by the Metal Roofing and Embick's negligence. *Id.*

Metal Roofing, in turn, holds an insurance policy with Companion Property. *Id.* at ¶ 27. The policy includes a General Liability Coverage provision, but Companion Property disputes coverage in this instance and seeks a declaration from this Court that it does not have a duty to defend or indemnify Metal Roofing or Embick with respect to the state-court lawsuit. *Id.*

Defendants subsequently filed the pending Motion to Dismiss, asserting that the Amended Complaint fails to property invoke the Court's subject-matter jurisdiction. D.E. 30. Specifically, Defendants contend that Plaintiff has not sufficiently alleged the requisite amount in controversy under 28 U.S.C. § 1332. In response, Plaintiff argues that it is readily apparent from the Amended Complaint and from the documents provided to the Court that the amount in controversy well exceeds the jurisdictional minimum.

## *II. DISCUSSION*

Federal courts enjoy only limited jurisdiction. *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 974 (11th Cir. 2005), *cert. denied*, 546 U.S. 872 (2005). A federal court can exercise subject matter jurisdiction over a case only where (1) complete diversity exists between the parties and the amount in controversy exceeds $75,000 or (2) the case raises an issue of federal law. *See* 28 U.S.C. §§ 1331, 1332. In addition, federal courts must presume that they lack jurisdiction over a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Fitzgerald v. Seaboard Sys. R.R., Inc.,* 760 F.2d 1249 (11th Cir. 1985). Generally, the plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 441 F.3d 1242, 1248 n.2 (11th Cir. 2005). Thus, facts showing the existence of jurisdiction must be affirmatively alleged in

the plaintiff's complaint. *Carvel v. Ferncliff Cemetary,* No. 07-60584, 2007 WL 7715418, at *1 (S.D. Fla. May 21, 2007) (citing *Kirkland Masonry, Inc. v. Comm'r of Internal Revenue,* 614 F.2d 532 (5th Cir. 1980)(per curiam))[1]; *see also* 13 Wright, Miller, & Cooper, Federal Practice & Procedure, § 3522 (1984).

Here, Plaintiff contends that diversity jurisdiction exists. In order to establish diversity jurisdiction, a litigant must show that the amount in controversy exceeds $75,000 and that complete diversity among the parties exists. *See* 28 U.S.C. § 1332; *see also MacGinnitie v. Hobbs Grp., LLC.,* 420 F.3d 1234, 1239 (11th Cir. 2005). Complete diversity demands that no defendant in the action be a citizen of the same state as the plaintiff. *MacGinnitie,* 420 F.3d at 1239 (citing 28 U.S.C. 1332; *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187 (1990)). A corporation is a citizen of the state in which it is incorporated and the state where the corporation maintains its principal place of business. *See* 28 U.S.C. § 1332(c); *see also Sweet Pea Marine, Ltd.,* 441 F.3d at 1247 n.2. The Amended Complaint here properly alleges complete diversity, as it avers that Plaintiff is a South Carolina corporation, while Defendant Metal Roofing Systems is a dissolved Florida corporation, Defendant Brian Embick is a citizen of Florida, and Defendants Francis and Cramer are citizens of Florida and Indiana, respectively. Because no Defendant hails from the same state as Plaintiff, complete diversity exists.

Nevertheless, Defendants claim that Plaintiff has not met its burden of demonstrating that the amount in controversy exceeds $75,000. Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem.*

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981).

*Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1938).  Where jurisdiction is based on a claim for "indeterminate damages," however, such as here, where Plaintiff requests a declaratory judgment, the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it bases jurisdiction meets the jurisdictional minimum.  *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996)); *see also Federated Mut. Ins. Co.*, 329 F.3d at 807; *SUA Ins. Co. v. Class Home Builders, LLC*, 751 F. Supp. 2d 1245, 1248 (S.D. Ala. 2010) ("[The] preponderance-of-the-evidence standard applies to declaratory judgment actions brought in federal court by an insurer.").

When a plaintiff seeks declaratory relief, the amount in controversy is the "monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co.,* 329 F.3d at 807 (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (internal quotation marks omitted).  In declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, "the jurisdictional amount in controversy is measured by the value of the underlying claim." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (internal quotation marks omitted); *see also Martins v. Empire Indem. Ins. Co.*, No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. March 21, 2008).  Thus, in this case, the amount in controversy is based upon the damages claimed in the state-court lawsuit.

Although conclusory allegations of subject-matter jurisdiction are insufficient, "if the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the Court has jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184,

4

1211 (11th Cir. 2007).[2]  Furthermore, even if the underlying complaint does not claim a specific amount of damages, it may be "facially apparent" from the pleading itself that the amount in controversy satisfies the jurisdictional requirement.  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).  Ultimately, federal courts are permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether jurisdiction is proper.  *Id.* at 1062 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (internal quotation marks omitted).

     Plaintiff maintains that the Amended Complaint adequately pleads the requisite amount in controversy.  In support of this contention, Plaintiff contends that the jurisdictional amount is readily apparent from its pleading, in light of the fact that the underlying state-court lawsuit stems from a severe injury.  Specifically, Plaintiff notes that Lane Francis, the injured worker, sustained "serious, traumatic, and permanent brain damage."  D.E. 35 at ¶ 16.  His injuries were so severe, Plaintiff avers, that the Florida state court appointed two guardians to oversee his affairs.  *Id.* at ¶ 17.  His guardians, Defendants Francis and Cramer, thereafter requested that the state court declare Lane Francis legally incompetent and preclude the taking of his deposition because the extent of his memory loss was significant.  *Id.*  In further support of Plaintiff's argument, Plaintiff has provided the Court with a list of recent jury verdicts showing the damages awarded to plaintiffs who suffered

---

[2] Although *Lowery* arose in the removal context, the Eleventh Circuit has held that a declaratory-judgment action is sufficiently analogous to the removal setting; thus, the case law is instructive in the present action.  *See Federated Mut. Ins. Co.*, 329 F.3d at 807 n.1 (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Although most of our case law regarding § 1332's amount in controversy requirement has arisen in the context of removal from state to federal court, we find the procedures developed in those cases to be instructive in the converse context of declaratory judgment actions . . . .")).

similar injuries to those sustained by Lane Francis.  The amounts awarded in these cases range from $350,000 to $16,594,198.  *Id.* at ¶18.

Defendants maintain that none of these arguments is sufficient to satisfy Plaintiff's burden. First, Defendants aver that the state-court complaint merely alleges that the damages exceed $15,000 (the state court's jurisdictional requirement); thus, Defendants urge, the underlying pleading does not provide an "unambiguous statement that clearly establishes the jurisdictional amount." D.E. 30 at 4.  Second, Defendants argue that Plaintiff's reliance on the severity of Lane Francis's injuries is inadequate because it requires improper speculation by this Court.  This Court respectfully disagrees.

Although Plaintiff bears the burden of establishing the amount-in-controversy requirement, this burden is not onerous.  It merely requires that Plaintiff convince this Court that it is more likely than not that the pleading satisfies the jurisdictional minimum.  Plaintiff is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754.  Rather, reasonable inferences and deductions are permitted.  The state-court complaint alleges that Lane Francis suffered a traumatic brain injury, an injury that left him permanently disabled and incapable of representing his own interests in the underlying litigation.  That the monetary relief sought will likely exceed $75,000 does not require the Court's speculation.  A reasonable inference can be made that the damages at issue in the underlying action will indeed exceed the amount-in-controversy threshold.  Consequently, Plaintiff has sufficiently pled subject-matter jurisdiction in this case.

### *III. CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** that Defendants'

Motion to Dismiss Plaintiff's Amended Complaint [D.E. 30] is **DENIED**.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 24th day of October 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:
Counsels of record